UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ISRAEL PLASENCIA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:18-CV-961-JD-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Israel Plasencia, a prisoner without a lawyer, filed an amended petition pursuant to 28 U.S.C. § 2254 challenging his prison disciplinary case WCC 17-02-92. ECF 3. The Warden filed a motion to dismiss the petition on March 28, 2019. ECF 9. Plasencia did not respond to the motion and the time to do so has passed. *See* N.D. Ind. L.R. 7-1(d)(2)(A).

On March 14, 2017, a Disciplinary Hearing Officer (DHO) found Plasencia guilty of possessing a cell phone in violation of Indiana Department of Correction (IDOC) policy A-121. ECF 3 at 1; 9-7 at 1. As a result, the only grievous sanction imposed was the loss of 90 days of earned credit time, however, that sanction was suspended. ECF 9-7 at 1. The time for imposing the suspended sanction has now expired because, under IDOC policy, "[t]he length of time that an offender may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." *See* Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures No. 02-04-101, § IX(E)(3)(d)(1), at 37 (effective June 1, 2015). In other words,

because the suspended sanction expired on September 14, 2017, it cannot be enforced. The Warden has moved to dismiss Plasencia's petition on the basis that he did not suffer any grievous loss which would impact the length of his sentence and is therefore not entitled to habeas corpus relief.

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because the disciplinary hearing has not resulted in the lengthening of the duration of Plasencia's confinement, habeas corpus relief is not available. Therefore, Plasencia's amended petition will be denied.

For these reasons, the Warden's motion to dismiss (ECF 9) is GRANTED and Plasencia's amended petition (ECF 3) is DENIED. The Clerk is directed to CLOSE the case.

SO ORDERED on April 16, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT